CONOVER LAW OFFICES
Bradford D. Conover, Esq. (CT-01741)
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: (212) 588-9080
Email: brad@conoverlaw.com

TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com

*Attorneys for the Plaintiff, proposed FLSA
Collective and potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

-------------------------------------------------------------x
MENG SUN,
*on behalf of himself and others similarly situated*
            Plaintiff,

   v.

PANDA III GREENWICH, INC.
  d/b/a Panda Pavilion;
MEI GAO, BAODI LIU a/k/a Boadi Liu, and
SIMON KOH
          Defendants.
-------------------------------------------------------------x

**Case No: 5:17-cv-1096**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23 CLASS ACTION**

**COMPLAINT**

  Plaintiff MENG SUN, on behalf of himself and others similarly situated, by and through his attorneys, Conover Law Offices and Troy Law, PLLC, hereby brings this complaint against Defendants PANDA III GREENWICH, INC. d/b/a Panda Pavilion, MEI GAO, BAODI LIU a/k/a Boadi Liu, and SIMON KOH and alleges as follows:

**INTRODUCTION**

1. This action is brought by Plaintiff, on behalf of himself as well as other similarly situated employees against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the Connecticut Minimum Wage Act ("CMWA"), Connecticut General Statutes Section 31-68 *et seq.*, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and CMWA by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek, failing to reimburse plaintiff for car and gas expenses he incurred, and obligating plaintiff to pay a portion of a co-worker's wages.

3. Defendants failed to record all of the time that Plaintiff and similarly situated employees work or worked, including work done in excess of forty hours each week.

4. Plaintiff alleges pursuant to the FLSA that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) automobile and gas expenses, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

5. Plaintiff further alleges pursuant to Connecticut law, Connecticut General Statutes Section 31-68 *et seq.* and Connecticut Public Act 15-86, that he is entitled to recover from the Defendants: (1) double unpaid minimum wages, (2) double unpaid overtime compensation, (3) post-judgment interest, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. Section 1331 because it raises questions under the FLSA.

7. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. Section 1367(a) under the doctrine of supplemental jurisdiction.

8. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

9. Plaintiff MENG SUN ("Sun") is a resident of Queens county and was employed by PANDA III GREENWICH, INC. d/b/a Panda Pavilion ("Panda Pavilion"), located at 420 West Putnam Avenue, Greenwich, CT 06830 as a delivery driver, though he was initially hired as a "kitchen helper."

## DEFENDANTS

*Corporate Defendant*

10. Defendant Panda Pavilion is a domestic business corporation organized under the laws of the State of Connecticut with its principal place of business in Greenwich, Connecticut with its principal address at 420 West Putnam Avenue, Greenwich, CT 06830.

11. Panda Pavilion is a business engaged in interstate commerce within the meaning of FLSA and has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Panda Pavilion purchased and handled goods moved in interstate commerce.

*Owner/ Operator Defendants*

13. Upon personal knowledge of Plaintiff, Panda Pavilion was sold by the original Owners/ Operators SHIN TSAI CHU and SEAKHAN CHU to Owner/ Operator Defendants BAODI LIU a/k/a Boadi Liu ("Liu") and MEI GAO ("Gao") on or around February 2015.

14. Prior to February 2015, Plaintiff worked at Panda Pavilion for Owners/ Operators SHIN TSAI CHU and SEAKHAN CHU.

15. Owner/ Operator Defendant Liu, known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

16. Liu decided which days Plaintiff worked and had off, and the hours he should work per day and per week.

17. Upon personal knowledge of Plaintiff, Liu acted intentionally and willfully and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, and the regulations thereunder, and is jointly and severally liable with Panda Pavilion.

18. Owner/ Operator Defendant Gao (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

19. Gao signed the paychecks to all Panda Pavilion employees each pay day, which occurred every fifteen (15) days.

20. Upon personal knowledge of Plaintiff, Gao acted intentionally and willfully and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29

C.F.R. §791.2, and the regulations thereunder, and is jointly and severally liable with Panda Pavilion.

21. Owner/ Operator Defendant SIMON KOH ("Koh"), known as "Manager" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

22. Koh verified Sun's employment with Defendants by letter dated August 15, 2015.

23. Upon personal knowledge of Plaintiff, Koh acted intentionally and willfully and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, and the regulations thereunder, and is jointly and severally liable with Panda Pavilion.

24. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

25. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

26. From on or about February 1, 2015 to March 7, 2016, Sun worked as a delivery driver for Panda Pavilion, located at 420 West Putnam Avenue, Greenwich, CT 06830.

27. At all relevant times, Sun's regular work schedule ran from

    a. 11:00 to 22:00, for eleven (11) hours a day on Mondays, Wednesdays, and Thursdays totaling thirty three (33) hours a week;

    b. from 11:00 to 23:00 totaling twelve (12) hours a day on Fridays;

      c.     from 11:30 to 23:00, totaling eleven and a half (11.5) hours a day on Saturdays; and

      d.     from 12:00 to 22:00, totaling ten (10) hours a day on Sundays.

28. At all relevant times, Sun was not given any meal or other breaks.

29. At all relevant times, Sun had three (3) meals each workday for five (5) minutes each.

30. At all relevant times, Sun worked an average of sixty-six and a half (66.5) hours a week.

31. In addition to his delivery duties, Sun was required to do side work, including packing cutlery for deliveries, making salads, and preparing salad dressing.

32. At all relevant times, Sun was required to pay a Spanish-speaking coworker out of his own pocket to cut cardboard for use in packing deliveries five dollars ($5) per day, four (4) days per week, totaling twenty dollars ($20) each week.

33. At all relevant times, Sun made an average of twenty five (25) deliveries per day, driving between one (1) and twelve (12) miles with an average radius of eight (8) miles per delivery order.

34. As a result, Sun drove his motor vehicle an average of two hundred (200) miles per day to perform deliveries for the sole benefit of the Defendants and for which mileage he received no compensation from defendants.

35. At all relevant times, Sun incurred travel expenses as a delivery driver for the benefit of defendants of approximately thirty dollars ($30) in gasoline charges each workday, and was not reimbursed by Defendants.

36. At all relevant times, Plaintiff was paid a flat compensation of six hundred and two dollars ($602) every 15 days, of which three hundred and sixty dollars ($360) was paid by check and two hundred and forty-two dollars ($242) was paid in cash.

37. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice in English and in Chinese (Plaintiff's primary language) reflecting true rates of pay and payday.

38. Defendants did not maintain, establish and preserve, for Plaintiff and for all other members of the Connecticut Class, weekly payroll records for a period of not less than three years, as required by CGS § 31-66.

39. Defendants did not furnish records of hours worked, wage earned and deduction to Plaintiff and all other members of the Connecticut Class with each payment, as required by CGS § 31-13a.

40. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their delivery vehicle, including the purchase, maintenance, and repair of a delivery motor vehicle which unreimbursed expenses constitute unlawful deductions from wages.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this action individually and as class representative and on behalf of all other and former non-exempt personnel who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated minimum wage for all hours worked and overtime compensation for all hours worked in excess of forty (40) hours per week who elect to opt in to this action (the "Collective Action Members").

7

COMPLAINT

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings his CMWA claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "Class Period") except those who elect to opt out of this action.

43. All said persons, including Plaintiff, are referred to herein as the "Class."

44. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P 23.

*Numerosity*

45. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

46. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiff and the Class within the meaning of the Connecticut law;

b. Whether Plaintiff and Class members are entitled to and paid minimum wage and overtime under the CMWA;

c. At what common rate, or rates subject to common method of calculation were Defendants required to pay the Class members for their work;

*Typicality*

47. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

48. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff's attorneys are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

49. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where

individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

50. Upon information and belief, Defendants and other employers throughout the state violate the Connecticut Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree

of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**STATEMENT OF CLAIMS**
**COUNT I.**
**FLSA Minimum Wage Violations**
**On Behalf of the Plaintiff and the FLSA Collective**

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

52. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the FLSA Collective.

53. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and similarly situated collective action members for some or all of the hours they worked.

54. At all relevant times, Defendants had a policy and practice of unlawfully deducting from employees' minimum wage by requiring that delivery employees pay out of pocket for gasoline and cardboard cutting work, and not reimbursing employees for mileage.

55. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum wages and an additional equal amount as liquidated damages, attorneys' fees, and costs.

56. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
## FLSA Overtime Violations
## On Behalf of the Plaintiff and the FLSA Collective

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the FLSA Collective.

59. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff and similarly situated collective action members for all hours worked in excess of forty hours per week at the rate of one and one-half times the regular hourly rate.

60. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation and an additional equal amount as liquidated damages, attorneys' fees, and costs.

61. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members for overtime at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT III.
## CMWA Minimum Wage Violations
## On Behalf of Plaintiff and Rule 23 Class

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

64. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

65. Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by failing to pay minimum fair wage for all hours worked in violation of Conn. Gen. Stat. §31-62.

66. Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by unlawfully deducting from employees' minimum fair wage by requiring delivery employees to pay out of pocket for gasoline, automobile expenses, and cardboard cutting work in violation of Conn. Gen. Stat. §31-62-E7.

67. Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violation of Conn. Gen. Stat. §31-13a.

68. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

69. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to compensation for all hours worked at the full minimum wage, penalty damages, interest, and court costs.

70. Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid the full fair minimum wage for all hours worked, but failed to do so. Accordingly, Plaintiffs and all other

members of the Connecticut Class are entitled to compensation for all hours worked at the full fair minimum wage, penalty damages, attorneys' fees, and court costs.

## COUNT IV.
## CMWA Overtime Violations
## On Behalf of Plaintiff and Rule 23 Class

71. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72. At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

73. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

74. Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by failing to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of Conn. Gen. Stat. §31-76c.

75. Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violations of Conn. Gen. Stat. §31-13a.

76. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

77. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to overtime compensation for all hours worked in excess of forty per week at one and one-half times the regular rate, penalty damages, interest, and court costs.

78. Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their overtime compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid for all hours worked in excess of forty per week at one and one-half times the regular rate, but failed to do so. Accordingly, Plaintiffs and all other members of the Connecticut Class are entitled to compensation for all hours worked at one and one-half times the regular rate, penalty damages, attorneys' fees, and court costs.

**COUNT V.**
**Violation of Connecticut General Statute**
**Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff and Rule 23 Class**

79. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80. The Connecticut General Statutes, Title 31, Chapter 557, Section 31-51ii(a) requires that employers provide: at least thirty consecutive minutes for a meal that shall be given at some time after the first two hours of work and before the last two hours for any person working for seven and one-half or more consecutive hours.

81. Defendants failed to provide meal periods required by Connecticut General Statute for every day that Plaintiffs and all other members of the Connecticut Class work or worked.

82. Defendants' failure to provide the meal periods required by Connecticut General Statute was not in good faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and the CMWA;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage, overtime wages, and unreimbursed business expenses, including out-of-pocket costs sustained by Plaintiffs and similarly situated

drivers in the purchase, maintenance and repair of their motor vehicles as drivers in direct service of Defendant Corporations, under FLSA and CMWA, due Plaintiff and the Collective Action members;

g) An award of liquidated damages under the FLSA;

h) An award of penalty damages under the CMWA;

i) The cost and disbursements of this action;

j) An award of reasonable attorneys fees;

k) An award of prejudgment and post-judgment interest; and

l) On all claims for relief, such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: New York, New York
June 30, 2017

CONOVER LAW OFFICES
*Attorneys for the Plaintiff, proposed FLSA Collective and Proposed Class Plaintiffs*

By: \_\_\_\_\_/s/Bradford D. Conover
Bradford D. Conover, Esq.
Molly Smithsimon, Esq.
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 588-9080
brad@conoverlaw.com
molly@conoverlaw.com


TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA Collective and Proposed Class Plaintiffs*
By: \_\_\_\_\_/s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com