# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

January 11, 2018

*Via ECF*
Honorable Joan G. Margolis
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
      ***SUN et al. v PANDA III GREENWICH, INC. et al. CT 17-cv-01096***

Dear Judge Margolis:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

    **I.**    **Background**

Plaintiff MENG SUN is a former kitchen helper employed by Defendants PANDA III GREENWICH, INC. d/b/a Panda Pavilion; MEI GAO, and BAODI LIU a/k/a Boadi Liu, and SIMON KOH; (collectively, "Defendants"),

This lawsuit was originally filed on June 30, 2017, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) automobile and gas expenses, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs. Plaintiffs further alleged pursuant to Connecticut law, Connecticut General Statutes Section 31-68 et seq. and Connecticut Public Act 15-86, that he is entitled to recover from the Defendants: (1) double unpaid minimum wages, (2) double unpaid overtime compensation, (3) post-judgment interest, and (4) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

    **II.**    **The FLSA Settlement is Fair and Reasonable**

Based on the estimated total damages, the amount of Seventy Two Thousand Five Hundred Dollars ($72,500.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested

litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claims that he worked twenty six and a half (26.5) hours of overtime each workweek, and Plaintiff further claimed that he was not paid at least the state minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff MENG SUN claimed that he worked for about sixty six and a half (66.5) hours on average each week from on or about February 1, 2015 to March 7, 2016. Plaintiff MENG SUN claimed that he was paid one thousand three hundred dollars ($1,300) per month during this same time period.

Plaintiff MENG SUN's minimum wage and overtime compensation shortfall without liquidated damages with IRS mileage damages under the FLSA was Forty One Thousand Eighty Three Dollars and Sixty Six Cents ($41,083.66) and his minimum wage, overtime compensation with IRS damages was Forty Eight Thousand Nine Hundred Twenty Two Dollars and Fifty One Cents ($48,922.51) under the Connecticut General Statute. Additionally, Plaintiff claimed Connecticut pre-judgment interest, for Eleven Thousand Two Hundred Thirty Six Dollars and Five Cents ($11,236.05).

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for

the proposed settlement amount of Seventy Two Thousand Five Hundred Dollars ($72,500.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment, hours worked and amount of compensation.

Plaintiff is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiff's double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

### III.   The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiffs with a settlement in the amount of Seventy Two Thousand Five Hundred Dollars ($72,500.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, were documented to the amount of Eight Hundred Twenty Four Dollars and Four Cents ($824.04). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Seventy One Thousand Six Hundred Seventy Five and Ninety Six Cents ($71,675.96).

Of the Net Settlement Amount, One Third (1/3), or Twenty Three Thousand Eight Hundred ninety One Dollars and Ninety Nine Cents ($23,891.99), is due to Plaintiffs' attorneys, Conover Law Offices and Troy Law, PLLC, in addition to out-of-pocket expenses of Eight Hundred Twenty Four Dollars and Four Cents ($824.04) for a total of Twenty Four Thousand Seven Hundred Sixteen Dollars and Three Cents ($24,716.03). Of the Net Settlement Amount, Two Thirds (2/3), or Forty Seven Thousand Seven Hundred Eighty Three Dollars and Ninety Seven Cents ($47,783.97) is due to Plaintiff.

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement. Thank you for your consideration.

*Attorneys for Plaintiffs*

**CONOVER LAW OFFICE**

_____
Bradford Conover, Esq.
345 Seventh Avenue, 21st Floor
New York, NY 10001
Tel.: 212 588-9080

Respectfully Submitted,

*Attorneys for Defendants*

_____
Friedrich M. Helisch, Esq.
9 Mott Avenue, Suite 106
Norwalk, CT 06850
Tel: 203 846 4888

**TROY LAW PLLC**

_____
John Troy, Esq.
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel.: 718 762 1324

Encl.

cc: Friedrich M. Helisch, Esq. (via email)
    Bradford D. Conover, Esq. (via email)