## SETTLEMENT AGREEMENT

This Settlement Agreement is made by and among, (i) MENG SUN ("Plaintiff"), and (ii) PANDA III GREENWICH, INC. d/b/a Panda Pavilion; MEI GAO, and BAODI LIU a/k/a Boadi Liu, (collectively, "Defendants"), (Plaintiff and Defendants, collectively, "the Parties"); and

**WHEREAS**, Plaintiff was employed by Defendants for certain time periods; and

**WHEREAS**, on June 30, 2017, Plaintiff MENG SUN, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court of Connecticut (the "Court") alleging claims under the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the Connecticut Minimum Wage Act ("CMWA"), Case No. 17-cv-01096 (the "Complaint"); and

**WHEREAS**, Defendants deny all claims in Plaintiff's Complaint (hereinafter "Complaint"); and

**WHEREAS**, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

**WHEREAS**, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

**WHEREAS**, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by their counsels, Bradford D. Conover, Esq., CONOVER LAW OFFICES, 345 Seventh Avenue, 21st Floor, New York, NY 10001, Tel: 203 846 4688 and John Troy, Esq., Troy Law, PLLC, appearing pro hac vice, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324; and

**WHEREAS**, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Friedrich M. Helisch, Esq, 9 Mott Avenue, Suite 106, Norwalk, CT 06850, Tel: 203 846 4888 and

**WHEREAS**, Plaintiff's Attorneys and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses; and

**WHEREAS**, Plaintiff acknowledges that he has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone;

**WHEREAS**, Plaintiff acknowledges that he understands the meaning and effect of the execution of this Agreement; and

**WHEREAS** the parties agree that the Court should retain Ancillary Jurisdiction to enforce the Settlement Agreement and the Release of this action.;

**THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

**1. Settlement Amount and Method of Payment**

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's general release of all claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a settlement in the amount of Seventy Two Thousand Five Hundred Dollars ($72,500.00).

The Settlement shall consist of three (3) installments. The settlement payment will be issued as follows:

(i) Installment 1 of 3: A bank check of Thirty Two Thousand Five Hundred Dollars ($32,500.00) made payable to "Troy Law, PLLC, as attorney" and shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 30 days of judicial approval of Settlement Agreement.

(ii) Installment 2 of 3: A bank check of Twenty Thousand Dollars ($20,000.00) made payable to "Troy Law, PLLC, as attorney" and shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 60 days of judicial approval of Settlement Agreement.

(iii) Installment 3 of 3: A bank check of Twenty Thousand Dollars ($20,000.00) made payable to "Troy Law, PLLC, as attorney" and shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 90 days of judicial approval of Settlement Agreement.

**2. Confession of Judgment**

a) Concurrent with the signing of this Stipulation, an authorized corporate representative of Corporate Defendants PANDA III GREENWICH, INC. d/b/a Panda Pavilion; MEI GAO, and BAODI LIU a/k/a Boadi Liu, and SIMON KOH, shall sign a Confession of Judgment in the form annexed hereto as Exhibit B, C, D, respectively, in the amount of One Hundred and Eight Thousand Seven Hundred Fifty Dollars ($108,750.00), representing one and one half times (1.5) times the Settlement Amount of Seventy Two Thousand Five Hundred Dollars ($72,500.00) plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement, which Confession of Judgment shall be held in escrow by Plaintiff's Attorney and shall not be filed with the Court unless Defendants fail to pay any of the payments required by paragraphs 1(i) through 1(iii) on or by the dates they are due, and fail to cure within ten (10) days of receiving notice of default. The form of the Judgment of Confession may be altered as necessary by Plaintiff's counsel to ensure compliance with the requirements of the Court.

b) After consultation with counsel, Defendants acknowledge that neither this provision or the confession of judgment constitute a penalty or forfeiture under the substantive law of contract of the state of Connecticut, and they irrevocably warrant and covenant that no

such argument will ever be made in opposition to any application to enter judgment or in support of any application to vacate judgment or relief from default.
c) Upon receipt of the final installment from Defendants, Plaintiffs' Attorney shall destroy the Confession of Judgment and confirm destruction of same to Defendants' Attorney.

### 3. Missed/ Late Payment

d) If the Defendants fail, for any reason, to make payment in full by each due date as set forth above, Defendants agrees to pay a late charge of nine percent (9%) of that Settlement Payment and this charge will be paid with the full remission of payment.
e) If Defendants' Late Payment is made seven (7) days or more after the due date as set forth above, Defendants agree to pay an additional nine percent (9%) simple interest for each additional day in which the payment is late.
f) If the Defendants' check bounces or is otherwise non-depositable when presented for payment, Defendants agree to pay a penalty charge of nine percent (9%) of that Settlement Payment in addition to any bank service charges incurred.

### 4. Attorneys' Fees in the Event of Default

g) In the event of a breach of this agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiff's attorneys' fees and cost and disbursements of judgment lien enforcement proceedings.

### 5. Acceleration of Settlement Sum Upon Default

h) In the event Defendants breach this Settlement agreement by failing to make timely payment, such breach shall result in accelerated payment of the entire Settlement sum.

### 6. Tax

i) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

### 7. Full Payment

j) Except as set forth in this Paragraph 1, Plaintiff is not entitled and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledges and agree that unless he enters into this agreement, he would not otherwise be entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiff acknowledges and agrees that after receipt of the consideration set forth in this Paragraph 1, he has been paid and/or received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which he is, was, or may have been entitled.
k) The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants including but not limited to any and all claims arising from or concerning employment or the termination thereof, for actual

damages, front pay, back pay, compensatory damages, liquidated damages, physical, mental and emotional injuries and pain and suffering, economic damage, damage to and loss of reputation, punitive damages, interest, attorneys' fees and costs and all claims which were or could have been in Plaintiff' Complaint and all other related matters.

8. **Mutual Release**

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of his children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i) MEI GAO, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) BAODI LIU a/k/a Boadi Liu, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; and (iii) PANDA III GREENWICH, INC. d/b/a Panda Pavilion and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; and Simon Koh, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns from any and all actions, causes of action, claims, debts, losses, obligations, liabilities, charges, grievances, complaints, suits, and/or demands concerning and arising from Plaintiff's employment with any Defendant, or the termination thereof. This release includes the release for unpaid, inaccurate payment or nonpayment of wages and tips under any federal, state, or local law, including but not limited to the Fair Labor Standards Act and Connecticut Minimum Wage Law and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiff may have under this Agreement.

Nothing herein, however, shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency; provided, however, that Plaintiff further agree and understand that he waived his right to recover monetary damages from Defendants in connection with any such charge, complaint or lawsuit filed by him or on his behalf arising from, or in any way relating to, their employment with Defendants.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

9. **Discontinuance of Claims**

Plaintiff acknowledges and agrees that they are not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or his representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court. Plaintiff shall further agree to refrain from refiling any and all claims against Defendants and the Releasees, including but not limited to, any and all claims asserted, or which could have been asserted, in the Complaint.

**10. Agreement Not to File Suit/ Arbitration for Past Acts**

Plaintiff, for and on behalf of himself and each of his respective beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agree that he will not file or otherwise submit any claim, complaint, arbitration request or action to any court or judicial forum (nor will Plaintiff permits any person, group of persons, or organization to take such action on his behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees arising before execution of this Agreement. Plaintiff further agree that in the event that any person or entity should bring such a claim, complaint, or action on her behalf, Plaintiff hereby waive and forfeit any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort understand that the provision of this paragraph mean that he cannot bring a future lawsuit against Defendants arising out of any actions or failures to act arising before Plaintiff' execution of this Agreement.

**11. Denial of Wrongdoing**

Nothing contained in this Agreement, nor the fact that Plaintiff have been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff' employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

**12. Choice of Law and Forum**

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the District of Connecticut, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

The Parties agree that the United States District Court for the District of Connecticut retain Ancillary Jurisdiction to enforce the Settlement Agreement and the Release of this action.

### 13. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

### 14. Modification

This Agreement may not be changed unless the change is in writing and signed by both Parties.

### 15. General Provisions

The failure of any party to this Agreement to insist on strict adherence or any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsels for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 16. Legal Counsel

Plaintiff is hereby advised of their right to consult with an attorney before signing this Agreement. Plaintiff hereby acknowledges that he was fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

### 17. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF EACH ACKNOWLEDGES THAT HE/ SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO IT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFF**

MENG SUN

_[signature]_

**Dated:**

**DEFENDANTS**

Baodi Liu on behalf of
PANDA III GREENWICH, INC. d/b/a Panda Pavilion

_____
Dated: 12-21-17

MEI GAO

_____
Dated: 12/22/17

BAODI LIU a/k/a Boadi Liu

_____
Dated: 12-21-17

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
-------------------------------------------------------------x
MENG SUN,
*on behalf of himself and others similarly situated*
                                  Plaintiff,
    v.
PANDA III GREENWICH, INC.
    d/b/a Panda Pavilion;
MEI GAO,
BAODI LIU a/k/a Boadi Liu, and
SIMON KOH,
                                Defendants.
-------------------------------------------------------------x

Case No. **17-cv-02492**

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for Plaintiff and Defendants PANDA III GREENWICH, INC. d/b/a Panda Pavilion; MEI GAO, and BAODI LIU a/k/a Boadi Liu **ONLY** in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiff or Defendants. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

*Attorneys for the Plaintiff*

CONOVER LAW OFFICES

_____
Bradford D. Conover, Esq.
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: (212) 588-9080

*Attorneys for Defendants*

**LAW OFFICE OF FRIEDRICH M. HELISCH**

_____
Friedrich M. Helisch, Esq
9 Mott Avenue, Suite 106
Norwalk, CT 06850
Tel: 203 846 4888

TROY LAW, PLLC

By: _____
John Troy (JT 0481) (admitted pro hac vice)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324

SO ORDERED.

_____

## EXHIBIT B

_____ **COURT**
**COUNTY OF** _____          Case No.
-------------------------------------------------------x
MENG SUN,
*on behalf of himself and others similarly situated*          **AFFIDAVIT OF CONFESSION**
                              Plaintiff,          **OF JUDGMENT BY MEI GAO**
      v.
PANDA III GREENWICH, INC.
     d/b/a Panda Pavilion;
MEI GAO,
BAODI LIU a/k/a Boadi Liu, and
SIMON KOH,
                           Defendants.
-------------------------------------------------------x

STATE OF _____ )
                       ) ss:
COUNTY OF _____ )

**MEI GAO**, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at
2. I am individually named as a Defendant in SUN et al. v PANDA III GREENWICH, INC. et al., Civil Action No. Case No. 17-cv-01096 filed in the United States District Court for Southern District of Connecticut (the "Lawsuit").
3. I make this affidavit pursuant in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of One Hundred and Eight Thousand Seven Hundred Fifty Dollars ($108,750.00), representing one and one half times (1.5) times the Settlement Amount of Seventy Two Thousand Five Hundred Dollars ($72,500.00) plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
4. This confession of judgment is for a debt due to Plaintiff MENG SUN.
5. The facts out of which the debt arose and the sum confession due is set forth below:
6. On June 30, 2017, Plaintiff MENG SUN, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District of New York (the "Court") alleging claims under the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the Connecticut Minimum Wage Act ("CMWA"), Case No. 17-cv-01096 (the "Complaint").

7. On or around December 01, 2017, the Plaintiffs and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
8. The agreement provides that Defendants will pay Seventy Two Thousand Five Hundred Dollars ($72,500.00).
9. If Defendants fail to make payments as outlined in Paragraph 9, Plaintiff may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendants' Attorney, Friedrich M. Helisch, Esq, 9 Mott Avenue, Suite 106, Norwalk, CT 06850, Tel: 203 846 4888, in writing of their intent to do so, and Defendants shall have ten (10) days to remedy their default.
10. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself, **MEI GAO**, for the entire amount of One Hundred and Eight Thousand Seven Hundred Fifty Dollars ($108,750.00), representing one and one half times (1.5) times the Settlement Amount of Seventy Two Thousand Five Hundred Dollars ($72,500.00) plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
12. After consultation with counsel, I acknowledge that the confession of judgment does not constitute a penalty or forfeiture under the substantive law of contract of the state of NY, and they irrevocably warrant and covenant that no such argument will ever be made in opposition to any application to enter judgment or in support of any application to vacate judgment or relief from default.
13. I authorize entry of judgment in Connecticut.
14. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:

_____
**MEI GAO**

Sworn to me this 22nd day of December, 2017

_____
Notary Public

Friedrich M. Helisch
Commissioner of the Superior Court
Juris #424940

# EXHIBIT C

_____ COURT
**COUNTY OF** _____                    Case No.
-----------------------------------------------------------x
MENG SUN,
*on behalf of himself and others similarly situated*            **AFFIDAVIT OF CONFESSION**
                             Plaintiff,    **OF JUDGMENT BY BAODI LIU**
                 v.                                            **a/k/a Boadi Liu**
PANDA III GREENWICH, INC.
          d/b/a Panda Pavilion;
MEI GAO,
BAODI LIU a/k/a Boadi Liu, and
SIMON KOH,
                          Defendants.
-----------------------------------------------------------x
STATE OF _____ )
                         ) ss:
COUNTY OF _____ )

**BAODI LIU a/k/a Boadi Liu**, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at 95-03 43rd Avenue, Elmhurst, NY 11373
2. I am individually named as a Defendant in SUN et al. v PANDA III GREENWICH, INC. et al., Civil Action No. Case No. 17-cv-01096 filed in the United States District Court for Southern District of Connecticut (the "Lawsuit").
3. I make this affidavit pursuant in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of One Hundred and Eight Thousand Seven Hundred Fifty Dollars ($108,750.00), representing one and one half times (1.5) times the Settlement Amount of Seventy Two Thousand Five Hundred Dollars ($72,500.00) plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
4. This confession of judgment is for a debt due to Plaintiff MENG SUN.
5. The facts out of which the debt arose and the sum confession due is set forth below:
6. On June 30, 2017, Plaintiff MENG SUN, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District of New York (the "Court") alleging claims under the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the Connecticut Minimum Wage Act ("CMWA"), Case No. 17-cv-01096 (the "Complaint").

7. On or around December 01, 2017, the Plaintiffs and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
8. The agreement provides that Defendants will pay Seventy Two Thousand Five Hundred Dollars ($72,500.00).
9. If Defendants fail to make payments as outlined in Paragraph 9, Plaintiff may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendants' Attorney, Friedrich M. Helisch, Esq, 9 Mott Avenue, Suite 106, Norwalk, CT 06850, Tel: 203 846 4888, in writing of their intent to do so, and Defendants shall have ten (10) days to remedy their default.
10. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself, **BAODI LIU a/k/a Boadi Liu**, for the entire amount of One Hundred and Eight Thousand Seven Hundred Fifty Dollars ($108,750.00), representing one and one half times (1.5) times the Settlement Amount of Seventy Two Thousand Five Hundred Dollars ($72,500.00) plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
12. After consultation with counsel, I acknowledge that the confession of judgment does not constitute a penalty or forfeiture under the substantive law of contract of the state of NY, and they irrevocably warrant and covenant that no such argument will ever be made in opposition to any application to enter judgment or in support of any application to vacate judgment or relief from default.
13. I authorize entry of judgment in Connecticut.
14. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:  12-21-17

_____
**BAODI LIU a/k/a Boadi Liu**

Sworn to me this 21st day of December, 2017

_____
Notary Public

Friedrich M. Helisch
Commissioner of the Superior Court
Juris #424940

**EXHIBIT D**

_____ COURT
**COUNTY OF** _____           Case No.
-----------------------------------------------------------x
MENG SUN,
*on behalf of himself and others similarly situated*
                              Plaintiff,           **AFFIDAVIT OF CONFESSION**
                                               **OF JUDGMENT BY** Baodi Liu  for
                   v.                   **PANDA III GREENWICH, INC**
PANDA III GREENWICH, INC.                        **d/b/a Panda Pavilion**
     d/b/a Panda Pavilion;
MEI GAO,
BAODI LIU a/k/a Boadi Liu, and
SIMON KOH,
                            Defendants.
-----------------------------------------------------------x
STATE OF _____  )
                                     ) ss:
COUNTY OF _____ )

Baodi Liu,  being duly sworn, deposes and states as follows:

1. I am an adult individual residing at 95-03 43rd Street, Elmhurst, NY 11373.
2. I am the President of Corporate Defendant **PANDA III GREENWICH, INC d/b/a Panda Pavilion** in SUN et al. v PANDA III GREENWICH, INC. et al., Civil Action No. Case No. 17-cv-01096 filed in the United States District Court for Southern District of Connecticut (the "Lawsuit").
3. Deponent is duly authorized to make this affidavit on behalf of Corporate Defendant PANDA III GREENWICH, INC. (the "Corporate Defendant").
4. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against the corporation, PANDA III GREENWICH, INC., in the sum of One Hundred and Eight Thousand Seven Hundred Fifty Dollars ($108,750.00), representing one and one half times (1.5) times the Settlement Amount of Seventy Two Thousand Five Hundred Dollars ($72,500.00) plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
5. This confession of judgment is for a debt due to Plaintiff MENG SUN.
6. The facts out of which the debt arose and the sum confession due is set forth below:
7. On June 30, 2017, Plaintiff MENG SUN, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District

of New York (the "Court") alleging claims under the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the Connecticut Minimum Wage Act ("CMWA"), Case No. 17-cv-01096 (the "Complaint").

8. On or around December 01, 2017, the Plaintiffs and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
9. The agreement provides that Defendants will pay Seventy Two Thousand Five Hundred Dollars ($72,500.00).
10. If Defendants fail to make payments as outlined in Paragraph 9, Plaintiff may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendants' Attorney, Friedrich M. Helisch, Esq, 9 Mott Avenue, Suite 106, Norwalk, CT 06850, Tel: 203 846 4888, in writing of their intent to do so, and Defendants shall have ten (10) days to remedy their default.
11. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against the corporation, PANDA III GREENWICH, INC, for the entire amount of One Hundred and Eight Thousand Seven Hundred Fifty Dollars ($108,750.00), representing one and one half times (1.5) times the Settlement Amount of Seventy Two Thousand Five Hundred Dollars ($72,500.00) plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
12. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
13. I authorize entry of judgment in Connecticut.
14. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: 12-21-17

Baodi Liu, President,
for PANDA III GREENWICH, INC

Sworn to me this 21st day of December, 2017

_____
Notary Public

Friedrich M. Helisch
Commissioner of the Superior Court
Juris #424940